IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **KAREN TREVILLION** | * | **CIVIL ACTION NO: 1:20-cv-01059** |
| | * | |
| **VERSUS** | * | **JUDGE: DAVID C. JOSEPH** |
| | * | |
| **CONCORDIA BANK AND TRUST CO.** | * | **MAGISTRATE: JOSEPH H L PEREZ-MONTES** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
### PURSUANT TO FED. R. CIV. P. 12(b)(6)

**MAY IT PLEASE THE COURT:**

Defendant, Concordia Capital Corporation d/b/a Concordia Bank and Trust Company ("Concordia"), submits this Memorandum in Support of its Motion to Dismiss, requesting dismissal of the constructive discharge and retaliation claims raised by Plaintiff Karen Trevillion ("Trevillion") in her Complaint (R. Doc. 1) for failure to state a claim upon which relief can be granted because Trevillion failed to exhaust her administrative remedies for these claims prior to filing her Complaint, as required under the Americans with Disabilities Act ("ADA").

Before an employee can file a disability discrimination suit under the ADA, the Equal Employment Opportunity Commission ("EEOC") or Louisiana Commission on Human Rights ("LCHR") must process and dismiss the employee's charge of discrimination and provide them a "Right to Sue" notice. *Dao v. Auchan Hypermarket,* 96 F.3d 787, 788 (5th Cir. 1996)*; Simotas v. Kelsey-Seybold*, 211 F. App'x 273, 275 (5th Cir. 2006); *Boyd v. Wal-Mart,* No. 1:17-CV-00315, 2018 WL 1788804, at *4 (W.D. La. Mar. 27, 2018), *report and recommendation adopted*, No. 1:17-CV-00315, 2018 WL 1788568 (W.D. La. Apr. 13, 2018). The timely filing of a charge of

discrimination with the EEOC or equivalent state agency is a required precondition to filing suit. *Id.* A complaint of discrimination "is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Mack v. John L. Wortham & Son, LP*, 541 Fed. Appx. 348, 358 (5th Cir. 2013); *see also Simotas v. Kelsey-Seybold*, 211 F. App'x 273, 275 (5th Cir. 2006).

### A. Trevillion Failed to Exhaust Administrative Remedies on Her Constructive Discharge or Retaliation Claim.

Trevillion's Complaint asserts a claim of constructive discharge based on her decision to resign on December 12, 2019. (R. Doc. 1, ¶¶ 20, 28). However, her EEOC Charge does not allege constructive discharge, or mention her resignation at all. Exhibit A.[1]

The Fifth Circuit Court has upheld the dismissal of constructive discharge claims when the allegations in the EEOC Charge did not provide any facts supporting constructive discharge. In *Vicknair v. Louisiana Dep't of Pub. Safety & Corr.*, 555 F. App'x 325, 332 (5th Cir. 2014), the Fifth Circuit affirmed the lower court's dismissal of plaintiff's constructive discharge claim, holding that nothing in the EEOC complaints encompassed a constructive discharge claim. The Fifth Circuit stated that EEOC claims are construed "as far as, but no further than, the scope of the EEOC investigation which could reasonably grow out of the administrative charge." *Id.* (citing *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir.1993)). The *Vicknair* Court found that "the second EEOC Charge cannot be construed so broadly as to encompass the constructive-discharge claim. Vicknair's second EEOC complaint expressly claimed retaliation, and nothing else, for filing his first EEOC complaint." *Id*. The Court stated that "[n]othing in the facts alleged

---

[1] Concordia attaches a copy of Plaintiff's Charge hereto as Exhibit A. Concordia's reference to the Charge in conjunction with this Motion to Dismiss is proper and should not result in the Motion being converted into a motion for summary judgment. *See, Emperador-Baker v. Jazz Casino Co., LLC*, No. 16-CV-17058, 2017 WL 1346380, at *2 (E.D. La. Apr. 12, 2017) ("An EEOC charge that is referenced in a plaintiff's Title VII complaint is central to her claim and may be considered in deciding a Rule 12(b)(6) motion.").

in the second EEOC complaint put [Defendant] DPS on notice of a possible constructive-discharge claim." *Id.*

Just as in *Vicknair,* nothing in Trevillion's EEOC Charge put Concordia on notice of a possible constructive discharge claim. The EEOC Charge contains no statements regarding her resignation, and certainly nothing that suggests constructive discharge. Ex. A. Nowhere does she mention her separation from employment or even state that her employment with Concordia ended. In fact, on the face of the Charge, one would think Trevillion was still employed with Concordia. Her entire charge relates to allegations of failure to accommodate by Concordia *during* her employment. Concordia was not put on notice of Trevillion's constructive discharge claim until her Complaint was filed. Therefore, Trevillion's claim of constructive discharge should be dismissed with prejudice because of her failure to exhaust administrative remedies.

Courts in the Western District of Louisiana have also dismissed constructive discharge claims for failure to exhaust when the EEOC Charge failed to reference the constructive discharge. In *Senegal v. Suddenlink Commc'ns*, the Western District Court dismissed plaintiff's constructive discharge claim because "[n]either charge included an allegation of constructive discharge. Moreover, Senegal's charges contain insufficient factual allegations to trigger an EEOC investigation and to put Suddenlink on notice of the existence and nature of a constructive discharge claim." No. 2:14-CV-3447, 2016 WL 595482, at *2 (W.D. La. Feb. 11, 2016); *See also Johnson v. Hosp. Corp. of Am.,* No. CIVA 09-0113, 2009 WL 3648448, at *15 (W.D. La. Nov. 3, 2009) (dismissing plaintiff's constructive discharge claim for failure to exhaust administrative remedies). Like *Senegal*, Trevillion failed to allege a constructive discharge claim or assert any factual allegations supporting constructive discharge in her EEOC Charge. Thus, she has failed to exhaust her administrative remedies as to her constructive discharge claim.

**B. Trevillion Failed to Exhaust Administrative Remedies on Her Retaliation Claim.**

In addition, to the extent that Trevillion's allegations, including those of constructive discharge or forced resignation, attempt to allege a retaliation claim, she has also failed to exhaust her administrative remedies. "[D]iscrimination and retaliation claims are distinct, and the allegation of one in an EEO charge does not exhaust a plaintiff's remedies as to the other." *Lavigne*, No. 15-cv-30727, 654 Fed. Appx. at 648. In a recent case, this Court dismissed the plaintiff's Title VII retaliation claim upon finding that her EEOC charge had not mentioned any acts of alleged retaliation and did not have the box labeled "retaliation" checked. *Walker v. Concordia Capital,* No. 1:18-CV-00703, 2019 WL 1410363, at *9 (W.D. La. Feb. 27, 2019), *report and recommendation adopted,* 2019 WL 1388787 (W.D. La. Mar. 27, 2019), *aff'd,* 782 F. App'x 355 (5th Cir. 2019); *see also Emperador-Baker v. Jazz Casino Co., LLC*, No. 16-CV-17058, 2017 WL 1346380, at *2 (E.D. La. Apr. 12, 2017). Trevillion made no allegation of retaliatory conduct by Concordia in her EEOC Charge and did not check the box labelled "retaliation." Ex. A. Trevillion failed to exhaust her administrative remedies for a retaliation claim, and so to the extent her Complaint attempts to assert a retaliation claim, it should be dismissed with prejudice.

**C. Amendment of the Complaint would be Futile.**

This Court should not give Trevillion the opportunity to amend her Complaint to address her failure because any amendment would be futile. Futility exists when "the amended complaint would fail to state a claim upon which relief could be granted." *Walker,* 2019 WL 1410363, at *5. No amendment can resolve her failure to exhaust her administrative remedies as to her constructive discharge or retaliation claims. Courts within the Fifth Circuit have consistently dismissed claims with prejudice, rather than providing leave to amend, when the ground for dismissal was failure to exhaust administrative remedies. *Ridgle v. Lowe's Home Centers, Inc.*,

No. 3:04-CV-1650-D, 2005 WL 8158192, at *3 (N.D. Tex. Mar. 17, 2005) ("Because Ridge failed to raise a retaliation claim in his EEOC charge by either checking the 'retaliation' box or mentioning facts related to retaliation in his discrimination statement, his claim is subject to dismissal for failure to exhaust administrative remedies. Allowing amendment would therefore be futile, and Ridge's motion [to amend] should be denied."); *Walker,* 2019 WL 1410363, at *13; *Boyd v. Wal-Mart*, No. 1:17-CV-00315, 2018 WL 1788804, at *7 (W.D. La. Mar. 27, 2018), *report and recommendation adopted*, 2018 WL 1788568 (W.D. La. Apr. 13, 2018); *Wallace v. Magnolia Family Servs., LLC*, No. CIV.A. 13-4703, 2013 WL 6198277, at *9 (E.D. La. Nov. 27, 2013). Therefore, this Court should dismiss these claims with prejudice and provide no leave to amend.

## Conclusion

Because Trevillion failed to exhaust administrative remedies required by the ADA, this Court should dismiss Trevillion's claims of constructive discharge and retaliation with prejudice.

Respectfully submitted:

**BREAZEALE, SACHSE & WILSON, L.L.P.**

By: */s/ Eve B. Masinter*
E. Fredrick Preis, Jr. (La. Bar No. 10704)
Eve B. Masinter (La. Bar No. 1218), T.A.
Philip J. Giorlando (La. Bar No. 38234)
First Bank & Trust Tower, Suite 1500
909 Poydras Street
New Orleans, LA 70112-4004
Telephone: (504) 619-1800
Fax: (504) 584-5452
efp@bswllp.com
eve.masinter@bswllp.com
Philip.giorlando@bswllp.com

*Attorneys for Concordia Capital Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October, 2020 I electronically filed the foregoing Memorandum in Support of Motion to Dismiss with the Clerk of Court by using the CM/ECF system.

>				*/s/ Eve B. Masinter*
>				Eve B. Masinter