UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **KAREN TREVILLION** | **CIVIL ACTION NO. 1:20-CV-01059** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **CONCORDIA BANK & TRUST CO.** | **MAGISTRATE JUDGE JOSEPH PEREZ-MONTES** |

## MEMORANDUM RULING

This matter is before the Court on a Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion to Dismiss") brought by the Defendant, Concordia Capital Corporation, d/b/a Concordia Bank and Trust Company ("Concordia"). [Doc. 6].[1] Plaintiff, Karen Trevillion, filed an Opposition [Doc. 10], and Defendant filed a Reply. [Doc. 11]. For the following reasons, Defendant's motion is **DENIED**.

## BACKGROUND

Plaintiff was employed by Concordia from March 17, 1991, until December 12, 2019. [Doc. 1 ¶¶ 5, 20]. Plaintiff held several positions during her employment, including deposit operations clerk, bookkeeper, and teller. [Doc. 1 ¶ 5]. In 2001, Plaintiff began experiencing hip, knee, and joint pain. [Doc. 1 ¶ 6]. She requested and received accommodations to perform her functions primarily from a seated position and to limit her workdays to eight hours. [*Id*.]. In 2007, Plaintiff had hip

---

[1] Defendant's Motion to Dismiss does not describe itself as a partial motion. However, Defendant's Reply, titled "Defendant's Reply in Support of the Partial Motion to Dismiss Under Rule 12(b)(6)," and the relief requested indicates that Concordia only seeks a partial dismissal of Plaintiff's Complaint.

surgery that resulted in her disability. [Doc. 1 ¶ 25]. Plaintiff now requires the assistance of a cane to walk. [*Id*.]. In the years that followed her surgery, Concordia provided accommodations to the Plaintiff each time she requested them, including providing her with a designated parking spot close to an entrance. [Doc. 1 ¶¶ 11, 12]. Despite the many years during which Concordia provided her accommodations, Plaintiff alleges that in 2019 Concordia stopped accommodating her physical limitations. [Doc. 1 ¶ 27]. Specifically, Plaintiff alleges that she was forced to give up her parking spot and was occasionally required to work more than eight hours in a day. [*Id*.]. In September of 2019, Plaintiff underwent knee surgery and was unable to work for three months. [Doc. 1 ¶ 19; Doc. 14, p.2]. On December 12, 2019, Plaintiff terminated her employment relationship with Concordia. [Doc. 1 ¶ 20].

On December 30, 2019, Plaintiff filed a Charge of Discrimination on the basis of "disability" with the Equal Employment Opportunity Commission ("EEOC"). [Doc. 1 ¶ 21]. In her charge, Plaintiff alleged that Defendant took away her designated parking spot and required her to work shifts exceeding eight hours. [*See* Doc. 10-2]. Plaintiff did not specifically allege that she was constructively discharged. [*Id*.]. Plaintiff received her Notice of Right to Sue Letter dated June 3, 2020, and timely filed the suit herein claiming discrimination in violation of the Americans with Disabilities Act ("ADA"). [Doc. 1 ¶ 22]. Defendant filed the Motion to Dismiss arguing that Plaintiff's claims for constructive discharge and retaliation should be dismissed because Plaintiff failed to exhaust her administrative remedies, as required under the ADA. [Doc. 6-1, p. 1].

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of a plaintiff's claims before filing its answer when the pleadings, on their face, fail "to state a claim upon which relief can be granted." A pleading states a claim for relief when, *inter alia*, it contains "a short and plain statement … showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility requires more than just the "sheer possibility" that a defendant acted unlawfully; it calls for enough facts "to raise a reasonable expectation that discovery will reveal evidence" to support the elements of the claim. *Twombly*, 550 U.S. at 556. Although the Rule 8 pleading standard does not require "detailed factual allegations;" mere "labels and conclusions," or "a formulaic recitation of the elements of a cause of action" do not suffice. *Id.* at 555.

In ruling on a Rule 12(b)(6) motion, a court may rely on the complaint, its attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A court must accept as true all factual allegations, although the same presumption does not extend to legal conclusions. *Iqbal*, 556 U.S. at 678.

In sum, if the factual allegations asserted in the complaint are wholly speculative or if it is apparent from the face of the complaint that there is an absolute bar to recovery, the claim should be dismissed. *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.

## DISCUSSION

### I. Constructive Discharge Claim

Defendant argues that Plaintiff's constructive discharge claim under the ADA should be dismissed because it exceeds the scope of her EEOC charge, and that therefore Plaintiff has failed to exhaust her administrative remedies. [Doc. 6-1]. In response, Plaintiff posits that her EEOC charge and subsequent investigation were sufficient to put Concordia on notice of her constructive discharge claim. [Doc. 10, p. 3].

The ADA incorporates Title VII's "powers, remedies, and procedures," including its administrative exhaustion requirements. 42 U.S.C. § 12117; *Henson v. Bell Helicopter Textron, Inc.*, 128 F. Appx. 387, 390 (5th Cir. 2005). Before a plaintiff brings a civil action under the ADA, she must exhaust her administrative remedies, which requires filing a charge of discrimination with the EEOC and filing suit only after receiving a right-to-sue letter. *Henson*, 128 F. Appx. at 390. "The charge enables the EEOC to investigate and, if appropriate, negotiate a resolution with an employer." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008).

Fifth Circuit precedent is clear that although a plaintiff's exhaustion requirement mandates that an EEOC charge contain sufficient information to trigger an investigation, a plaintiff is not required to "check a certain box or recite a specific incantation to exhaust his or her administrative remedies before the proper agency."

*Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006). Rather, the review involves "a 'fact-intensive analysis' of the administrative charge that looks beyond the four corners of the document to its substance." *McClain*, 519 F.3d at 273 (citation omitted). The Court views administrative charges in the "broadest reasonable sense." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 467 (5th Cir. 1970). Because administrative charges are "rarely drawn by an attorney," "the only absolutely essential element of a timely charge of discrimination is the allegation of fact contained therein." *Id.* at 463, 467.

Here, the factual statements asserted in Plaintiff's EEOC charge are as follows:

- I began my employment with Concordia Bank & Trust on March 7, 1991, most recently as a Teller, earning $39,000 per year.

- Around March 2019, I was sent to work at another branch for one month, which was further away and required more driving. Once I arrived at the branch, I was told I would have to work two 10 hour shifts during a week, plus the normal 8 hours the rest of the week. I contacted HR via email, because as per my doctor notes, I was not to work more than 8 hour days due to my medical condition.

- Towards the end of July 2019, I was told by Tracy Gray, Operations Manager to move my vehicle from where it was parked. This is the same location I have parked since becoming a teller. When I moved my vehicle, she parked hers in my spot.

- On August 2, 2019, I was told by Mr. Patrick Galloway, Senior VP, to move my vehicle and that Ms. Gray would be parking in my spot. The location which now they wanted me to park required me to walk on gravel and up an embankment. The Company was aware of my medical issues and my knee issues.

- Prior to moving to Teller, when I worked in Deposit Ops, the CEO, Patrick Biglane, had given me a designated parking spot due to my disability.

- In September 2019, due to my knees getting worse I had to go out for surgery.

- No reason was given by the company for their actions.

- I believe that I have been discriminated against because of my disability in violation of the Americans with Disabilities Act, as amended.

[Doc. 6-2].

As the factual allegations recited above make clear, Plaintiff's charge clearly alleges that she suffered discrimination when Concordia took away her designated parking spot and asked her to work shifts exceeding eight hours. Absent from the Plaintiff's factual allegations is a claim that she was constructively discharged from Concordia's employment. Defendant argues that the absence of this claim proves that it was not put on notice of a possible constructive discharge claim. However, Defendant's position letter evinces that Defendant knew Plaintiff no longer worked for them. Further, Plaintiff indicated in her EEOC charge that the "latest date discrimination took place" was December 12, 2019 – the exact date her employment relationship with Defendant ended. Accordingly, the Court finds that the defendant was well aware that the Plaintiff's termination of her own employment was factually related to the series of events listed in her EEOC charge and that, accordingly, the Plaintiff's constructive discharge claim "[grew] out of the charge of discrimination."[2] *Pacheco*, 448 F.3d at 789; *see also Pickett v. Hosp. Serv. Dist. for West Feliciana Parish, La.*, No. 16-219, 2017 WL 1097195, at *7 (M.D. La. Mar. 22, 2017) (finding it plausible that Plaintiff's harassment claims grew out of her EEOC charge, even

---

[2] In fact, during the EEOC investigation of the matter, Plaintiff stated in lay terms facts relating to a potential claim of constructive discharge, alleging that, "when I was out of surgery and all the problems at the bank, I felt I needed to retire. I felt they were going to make it harder on me when I came back." [Doc. 14, p. 2].

though Plaintiff's charge did not contain a claim of harassment.). Accordingly, Defendant's Motion to Dismiss Plaintiff's constructive discharge claim pursuant to FRCP 12(b)(1) is DENIED.

## II.   Retaliation Claim

Defendant also seeks dismissal of Plaintiff's claim for retaliation under the ADA, 42 U.S.C. § 12101, et seq. [*See* Doc. 6; Doc. 11]. No retaliation claim has been asserted by Plaintiff. [*See* Doc. 1].[3] A Rule 12(b)(6) motion requires, as a threshold matter, that the non-moving party assert a claim against the moving party. As there is no retaliation claim to dismiss, the Motion to Dismiss Plaintiff's retaliation claim is likewise DENIED.

## CONCLUSION

IT IS HEREBY ORDERED that Concordia's Motion to Dismiss [Doc. 6] is DENIED.

THUS DONE AND SIGNED in Chambers on this 8th day of December, 2020.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE

---

[3]   Plaintiff's Complaint asserts two claims under the ADA: failure-to-accommodate and constructive discharge. [Doc. 1 ¶¶ 26, 27].