UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **KAREN TREVILLION** | **CIVIL ACTION NO. 1:20-CV-01059** |
| v. | **JUDGE DAVID C. JOSEPH** |
| **CONCORDIA BANK & TRUST CO.** | **MAGISTRATE JUDGE JOSEPH PEREZ-MONTES** |

**RULE 26(f) REPORT**

Trial Date:

Pretrial Conference Date:

Type of Trial:  ☒ JURY     ☐ BENCH

Estimated length of trial is <u>2 - 3</u> court days.

1. **Participants:**

   <u>Counsel for Plaintiff Karen Trevillion</u>
   Joseph M. Bruno (La. Bar # 3604)
   Daniel A. Meyer (La. Bar # 33278)

   <u>Counsel for Defendant Concordia Capital Corporation d/b/a Concordia Bank and Trust Co.</u>
   Eve B. Masinter (La. Bar #1218)
   Philip J. Giorlando (La. Bar #38234)

2. **Affirmation Regarding Initial Disclosures:**

   Plaintiff has completed Initial Disclosures.

   Defendant has completed Initial Disclosures.

3. **Jurisdictional Basis:**

This action is brought pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. Defendant does not object to the jurisdiction of this Court.

4. **Brief Description of Claims:**

Trevillion has sued Concordia Bank & Trust, Co., alleging discrimination and constructive termination in violation of the ADA. Ms. Trevillion worked as a deposit operations clerk, bookkeeper, and teller for Concordia Bank from March 17, 1991, through December 12, 2019. From January 2019 until her constructive termination, Trevillion alleges she requested reasonable accommodations to cope with her hip and leg disabilities, which were denied or ignored, and further determined that she was unable to continue to risk her health and wellbeing, resulting in her constructive termination.

5. **Brief Statement of Responses:**

Defendant denies the allegations of disability discrimination and constructive discharge. Defendant accommodated every request for reasonable accommodation made by Plaintiff and did not violate the Americans with Disabilities Act. Defendant denies that it required Plaintiff to work 10 hour shifts or over 8 hours as alleged in the Complaint. Further, Defendant never took away Plaintiff's designated parking spot, rather, she had access to her same reserved parking spot from the date that she received it until her decision to retire on December 12, 2019.

Defendant denies that Plaintiff was constructively discharged. Plaintiff voluntarily retired on December 12, 2019, after Defendant fully reasonably accommodated Plaintiff for her entire 28-year career with the Bank.

As to any claims of maliciousness or reckless indifference of Defendant asserted in the Complaint, no facts are alleged in the Complaint to support this, and Defendant acted in good faith and did not violate any provisions of any contract, law, rule, or regulation. Further, Defendant had reasonable grounds for believing its actions with respect to Plaintiff did not violate any law, rule, regulation, or guideline.

Plaintiff has failed to mitigate her damages. Further, Defendant is entitled to an offset against any damages awarded to Plaintiff for any amounts she earned or should have earned through reasonable diligence or for any benefits that Plaintiff received or is receiving from Social Security or any private disability insurer.

**6. Anticipated Amendments to Pleadings and Motions:**

Plaintiff and Defendant do not anticipate amendments to pleadings. Plaintiff and Defendant anticipate this case will require certain dispositive motions at the conclusion of discovery, and motions in limine to address any matters appropriate for exclusion.

**7. Anticipated Expert Witnesses:**

Plaintiff anticipates this matter will require expert testimony regarding Ms. Trevillion's economic losses, and expert medical testimony regarding her physical disability. Defendant anticipates requiring expert testimony in response to the expert testimony anticipated by Plaintiff.

**8. Discovery Plan:**

To prepare for trial, Plaintiff expects to conduct oral and written discovery of Concordia's management and Trevillion's co-workers regarding the discrimination alleged in this matter. Such discovery would consist of four to six depositions, written interrogatories, requests for production, and requests for admission.

Defendant expects to conduct oral and written discovery of Ms. Trevillion, including her deposition, as well as written interrogatories, requests for production, and requests for admission. Defendant also anticipates taking the deposition of Plaintiff's economic or medical experts.

9. **Stipulations:**

    1. Ms. Trevillion worked for Concordia Bank from March 18, 1991 until December 12, 2019, principally out of the bank location at 904 Carter Street, Vidalia, Louisiana, in Concordia Parish, Louisiana.

    2. Ms. Trevillion received a right to sue notice dated June 3, 2020, authorizing her to bring private suit against "CONCORDIA BANK AND TRUST CO."

10. **Major Issues of Fact and Law in Dispute:**

    1. Whether Concordia Bank discriminated against Trevillion, in violation of her rights under the ADA.

    2. Whether Concordia Bank constructively terminated Trevillion, in violation of her rights under the ADA.

    3. When, how, and to what extent Plaintiff was disabled as defined under the ADA.

    4. Whether the Plaintiff actually had her designated parking space taken away during her term of employment with the Bank.

    5. Whether Plaintiff was required to work multiple 10 hour shifts at the Bank during her time working at the Downtown Natchez Branch.

    6. Whether the working conditions at the Bank were so intolerable that a reasonable person in Plaintiff's position would have felt compelled to retire.

    7. Whether Trevillion sustained damages as a result of any ADA violations that are ultimately found to have occurred, and if so, in what amount.

    8. Whether Plaintiff has mitigated her damages by seeking employment.

    9. Whether and to what amount Defendant is entitled to an offset for any wages earned by Plaintiff or any benefits earned by Plaintiff through Social Security or a private disability insurer.

11. **Related Case Information:**

    None.

12. **Surveillance Evidence:**

    None.

13. **Alternative Dispute Resolution (ADR):**

    Plaintiff and Defendant are amenable to ADR. Defendant is willing to participate in a settlement conference with the Court after the completion of discovery.

14. **Rule 16 Conference:**

    Defendant believes a Rule 16 conference may be beneficial.

15. **Electronic Courtroom:**


16. **Electronically Generated Exhibits or Aids:**

    Plaintiff and Defendant intend to use electronic exhibits where permitted by the Court.

17. **Handicap Provisions:**

    None.

18. **Consent Trials:**

    The Parties do not consent to trial before the Magistrate Judge.

February 3, 2021.

        **Respectfully submitted:**

        **BRUNO & BRUNO, L.L.P.**

        */s/ Daniel A. Meyer*
        Joseph M. Bruno (La. Bar # 3604)
        Daniel A. Meyer (La. Bar # 33278)
        855 Baronne Street
        New Orleans, Louisiana 70113
        Telephone: (504) 525-1335
        Facsimile: (504) 562-6775
        Email: dmeyer@brunobrunolaw.com
        *Attorneys for Karen Trevillion*

        **BREAZEALE, SACHSE & WILSON, L.L.P.**

        */s/ Eve B. Masinter*
        E. FREDRICK PREIS, JR. (LA BAR #10704)
        EVE B. MASINTER (LA BAR #1218), T.A.
        PHILIP J. GIORLANDO (LA BAR #38234)
        First Bank & Trust Tower, Suite 1500
        909 Poydras Street
        New Orleans, LA 70112-4004
        Telephone: (504) 619-1800
        Fax: (504) 584-5452
        Email: Fred.Preis@bswllp.com
        Email: Eve.Masinter@bswllp.com
        Email: Philip.Giorlando@bswllp.com

        *Attorneys for Defendant Concordia Capital Corporation d/b/a Concordia Bank and Trust Company*